UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Isaac Faham,

    Petitioner,

    v.                                          Civil Action No. 5:12-cv-212

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

    Respondent.

## **REPORT AND RECOMMENDATION**
(Docs. 1, 2, 4, 5)

Isaac Faham, proceeding *pro se*, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Faham was convicted of attempted sexual assault in October 2008. His Petition (Doc. 1) asserts that the Vermont Supreme Court violated his constitutional rights when, on direct appeal, it declined to consider a forfeited claim of insufficient evidence without reviewing the claim for plain error.

Respondent moves to dismiss Mr. Faham's petition (Doc. 5), arguing that his demand for plain error review was never presented to the Vermont Supreme Court, and is now procedurally barred under both state and federal law. Mr. Faham opposes the Motion and has also filed an "Emergency Motion for Judgment on the Pleadings" (Doc. 4), and a Motion for Appointment of Counsel (Doc. 2). For the reasons set forth below, I recommend that Respondent's Motion to Dismiss be GRANTED, that Mr. Faham's Motions be DENIED as moot, and that Mr. Faham's Petition be DISMISSED.

## Factual and Procedural Background

A Vermont jury convicted Mr. Faham of one count of attempted sexual assault under 13 V.S.A. § 9 and 13 V.S.A. § 3252, and he was sentenced to serve five to twelve years of imprisonment. According to the complainant's trial testimony, Mr. Faham "got on top of [her]," started "choking" her, and said that "he was going to kill [her]" if she did not have sex with him. *State v. Faham*, 2011 VT 55, ¶ 3, 190 Vt. 524, 21 A.3d 701, 702.

Mr. Faham raised two claims on direct appeal of his conviction to the Vermont Supreme Court: (1) the State's evidence was insufficient to prove beyond a reasonable doubt that he attempted to engage in a sexual act with the complainant, a requisite element of the charged offense; and (2) the trial court unconstitutionally denied him the opportunity to present a complete and adequate defense by precluding him from introducing evidence of the complainant's prior drug use.

In affirming his conviction, the court observed that Mr. Faham failed to preserve his insufficiency of the evidence claim for appellate review because he did not raise it at the close of evidence. *See id*. at ¶ 15 (citing *State v. Bressette*, 136 Vt. 315, 316-17, 388 A.2d 395, 396 (1978) (holding that failure to renew motion at close of evidence or file post-verdict motion forecloses appellate review of issue as to sufficiency of evidence)). The court acknowledged that Mr. Faham filed a timely post-verdict motion for judgment of acquittal under Vermont Rule of Criminal Procedure 29(c), but found that it raised different issues—namely, that the State presented only limited physical evidence and the complainant gave contradictory testimony—and that "[a]t no point in his post-verdict

motion . . . did defendant argue that the State presented insufficient evidence on the element of attempting to engage in a sexual act." *Id*. at ¶ 17. Upon finding that Mr. Faham forfeited the insufficiency claim, the court declined to reach it, and did so without reviewing it for plain error.

Mr. Faham filed the instant Petition seeking federal habeas relief under 28 U.S.C. § 2254 on September 17, 2012. Mr. Faham has also filed a petition for post-conviction relief ("PCR") under 13 V.S.A. § 3171 that is currently pending in Vermont Superior Court. (Doc. 5-2.) In that petition, Mr. Faham claims that his trial counsel was ineffective for failing to preserve the insufficiency of evidence claim. Mr. Faham acknowledges that by pursuing the federal petition in this case, "he risks being barred from presenting a federal habeas claim on the question of ineffective assistance under the doctrine of successive petition[s]," and he advises that he nonetheless "seeks to proceed to this Court with the present petition for relief." (Doc. 1 at 3); *see also* 28 U.S.C. § 2244(b)(2) (providing that, unless certain conditions exist, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed").

Respondent answered the Petition and filed his Motion to Dismiss on October 12, 2012.

## Discussion

Mr. Faham's Petition seeks relief based on the Vermont Supreme Court's failure to consider his insufficient evidence claim under a plain error review standard. As he writes in the Petition, "[t]he failure to consider Plain Error presents Petitioner's basis for

3

seeking relief before this court. That the failure to consider Plain Error depri[]ved Petition[er] of his Constitutional rights of Due Process that forbids conviction except upon the State meeting it[]s burden of proof [as] to each essential element." (Doc. 1 at 2.) The Petition further asserts "that the failure to consider Plain Error on the [insufficiency of the evidence] issue was an unreasonable application of State law," and that "Petitioner seeks this Court to consider the [insufficiency of the evidence] claim notwithstanding the failure to re-raise it, for Plain Error." (*Id.*) Thus, Mr. Faham does *not* challenge the Vermont Supreme Court's finding that he forfeited his insufficiency claim, and he does *not* challenge any ruling on the merits of his insufficiency claim (nor could he, since there was none). Instead, Mr. Faham is effectively asserting a federal right to plain error review of a claim properly deemed forfeited under state law, and asking this court, on collateral review, to apply that standard where the Vermont Supreme Court did not.

In his Motion to Dismiss, Respondent argues that Mr. Faham's demand for plain error review must be dismissed because, even assuming that it implicates a federal right, Mr. Faham did not argue to the Vermont Supreme Court that plain error review was required, and any such claim would now be procedurally barred in Vermont state court.

I.   **Legal Standards.**

Mr. Faham's federal habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Pursuant to § 2254(d), the court may grant a writ of habeas corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established

federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also* 28 U.S.C. § 2254(d)(1).

In addition, the AEDPA requires that prior to bringing a petition for a federal writ of habeas corpus, a petitioner must exhaust the remedies available to him in the state courts. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the petitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations.'") (quoting *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

Ordinarily, unexhausted claims are dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This enables petitioners to return to state court and properly exhaust their federal claims before refiling their habeas petitions in federal court, if necessary. *See id.* But when confronted with an unexhausted claim that would be procedurally barred under state law, federal habeas courts must also deem the claim procedurally defaulted. *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). Unlike dismissing a claim for failure to exhaust, dismissal for procedural default constitutes a

disposition of the habeas claim on the merits. *See id.*; *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001).

## II. Mr. Faham's Petition Does Not Allege a Violation of a Federal Right.

First, the court cannot grant habeas relief because there is no federal right to the plain error review of claims that are procedurally forfeited under state law. Instead, Vermont's own procedural rules and case law govern the use of plain error review in state criminal proceedings. Vermont Rule of Criminal Procedure 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." V.R.Cr.P. 52(b). Under this standard of review, an error is reversed "when it is obvious, affects substantial rights bringing prejudice to the defendant, and 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *State v. Myers*, 2011 VT 43, ¶ 29, 190 Vt. 29, 46, 26 A.3d 9, 22 (quoting *State v. Rounds*, 2011 VT 39, ¶ 31, 189 Vt. 447, 22 A.3d 477).

Although substantially similar to Rule 52 of the Federal Rules of Criminal Procedure,[1] this standard is solely a matter of state law, and it would be improper for a federal habeas court to apply it on collateral review after the Vermont Supreme Court has declined to do so. *See Engle v. Isaac*, 456 U.S. 107, 135 n.44 (1982) ("Our opinions . . . make clear that the States have the primary responsibility to interpret and apply their plain-error rules. Certainly we should not rely upon a state plain-error rule when the State has refused to apply that rule to the very sort of claim at issue."). Further, the

---

[1] "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

6

Vermont Supreme Court's declination to invoke a *state* procedural rule is neither contrary to, nor an unreasonable application of, clearly established federal law. Mr. Faham's Petition should therefore be dismissed. *See Engle*, 456 U.S. at 119 (explaining that petitioners may not obtain § 2254 habeas relief based on the alleged misapplication of state law); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)( "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *DiGuglielmo v. Smith*, 366 F.3d 130 (2d Cir. 2004); *Bell v. Ercole*, 631 F. Supp. 2d 406, 414 (S.D.N.Y. 2009); *Morrison v. McClellan*, 903 F. Supp. 428,429 (E.D.N.Y.1995) (dismissing habeas claims as not raising an issue of federal law). [2]

### III. Mr. Faham's Claim is Unexhausted and Procedurally Barred.

Second, even assuming a federal right to plain-error review, Mr. Faham did not "fairly present" that issue to the Vermont Supreme Court on direct appeal. To the contrary, Mr. Faham's appellate brief argued that his post-verdict motion for acquittal properly preserved his insufficiency of the evidence claim, and did not alternatively assert a constitutional right—whether under due process, equal protection, or otherwise—

---

[2] Even if the Petition is read (extraordinarily liberally) as raising the same insufficiency of evidence claim that Mr. Faham raised on direct appeal (and, therefore, as asking the court to excuse his state procedural default), rather than asserting a federal right to plain error review of a concededly defaulted claim, the Petition would be dismissed under the doctrine of independent and adequate state grounds. On habeas review, district courts lack jurisdiction to review a state court decision that rests on an independent and adequate state ground—that is, one that would support the state court's judgment on its own, even if the state court's ruling on the federal claim is found to have been contrary to federal law. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Harris v. Reed*, 489 U.S. 266, 261-62 (1989). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *see also Fong v. Sears*, 2009 WL 1515743, at *8 (E.D.N.Y. May 29, 2009) ("A common example [of an independent and adequate state ground] is a state procedural rule rendering the claim forfeited under state law").

to plain error review.  *See* Doc. 5-6 at 18.  I therefore recommend that Mr. Faham's claim be deemed unexhausted.

Because Mr. Faham has not satisfied § 2254's exhaustion requirement, the court must consider whether his claim is procedurally barred under Vermont law.  The Supreme Court has "held that when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted."  *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (quoting *Coleman*, 501 U.S. at 735 n.1).  If a "petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the petitioner can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *DiSimone v. Phillips*, 461 F.3d 181, 190 (2d Cir. 2006) (quoting *Bousely v. United States*, 523 U.S. 614, 622 (1998)).  Otherwise, the defaulted claim must be dismissed.  *See Turner*, 262 F.3d at 122.

Under Vermont law, a state prisoner may seek collateral relief in the form of post-conviction review as set forth in 13 V.S.A. § 7131 ("A prisoner who is in custody under sentence of a court and claims the right to be released . . . may at any time move the superior court . . . to vacate, set aside or correct the sentence.").  But "[p]ost-conviction relief is a limited remedy."  *In re Laws*, 2007 VT 54, ¶ 9, 182 Vt. 66, 72, 928 A.2d 1210, 1214 (internal quotation marks omitted).  It is "limited to collateral attacks on the petitioner's conviction," *In re Laws*, 2007 VT 54, ¶ 9, and "is designed to correct fundamental errors.  Post-conviction relief is not a substitute for appeal.  Absent exigent

circumstances, a matter adversely decided on direct appeal cannot be relitigated, and collateral attack is barred if the movant deliberately bypassed the issue on appeal." *In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106 (1981) (citations omitted).

Here, Mr. Faham continues to argue that he was convicted on insufficient evidence, but the only error alleged in his Petition is the Vermont Supreme Court's failure to analyze that issue under the correct standard of review. This is not the sort of "fundamental error" that PCR is designed to correct, nor does it present a "collateral attack" on the underlying conviction. As the Vermont Supreme Court has previously explained, a "[p]etitioner's claim regarding the standard of review employed by the Supreme Court should . . . be[] raised in a motion for reargument, not a PCR." *In re Gibney*, 2008 WL 3976534, at *2 (Vt. Aug. 1, 2008) (unpublished); *see also* Black's Law Dictionary 278 (8th ed. 2004) (defining "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding . . . is that the judgment is ineffective"). Thus, Mr. Faham's claim falls outside the limited scope of Vermont's PCR statute, and he is left with no procedural means to present his claim to the Vermont Supreme Court.[3] Accordingly, the claim is procedurally defaulted under Vermont law.

---

[3] This is true even setting aside the question of whether Mr. Faham would be permitted to file a second PCR petition, or to amend the petition that is currently pending. Under 13 V.S.A. § 7134, a superior court "is not required to entertain a second or successive" PCR petition for similar relief on behalf of the same prisoner. This provision bars PCR petitions containing claims that could have been raised in a prior petition but were not, unless the petitioner can demonstrate cause and actual prejudice. *See In re Laws*, 2007 VT 54, ¶ 22.

9

Next, the court must consider whether Mr. Faham has sufficiently shown either cause for the default and actual prejudice, or that he is actually innocent. A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable.'" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Here, Mr. Faham has made no attempt to satisfy this standard for cause, and "because [he] has failed to show sufficient cause for his procedural default, there is no need to address whether [he] has shown actual prejudice." *Austin v. Comm'r of Corr.*, 814 F. Supp. 233, 236 (D. Conn. 1992).

Mr. Faham does claim that he is actually innocent, but his showing in this regard is inadequate. Mr. Faham's actual innocence claim depends entirely on his contention that he was convicted on insufficient evidence. He writes that, "[i]t is important to point to the fact [that] petitioner presents a claim of actual innocence. There cannot be shown anywhere in the record that *any* evidence *ever* existed as to the element of contact. . . . In fact, there was absolutely no evidence that petitioner *acted* in any way to touch the complainant in a sexual manner[.]" (Doc. 10 at 5, ¶ 15.) But the "actual-innocence standard is 'by no mean equivalent to the standard' . . . which governs claims of insufficient evidence." *House v. Bell*, 547 U.S. 518, 538-39 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 330 (1995)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency").

Instead, a claim of actual innocence requires a petitioner to "present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no

reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (quoting *Schlup*, 513 U.S. at 299). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Mr. Faham offers no new evidence of his innocence here, and therefore the court cannot reach the merits of his defaulted claim. *See Wambolt v. Hofman*, 2009 WL 982170, at *6 (D. Vt. Apr. 13, 2009) (rejecting claim of actual innocence that was based on evidence known at the time of the petitioner's guilty plea, rather than on newly discovered evidence); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (finding that actual innocence standard was not met, in part, because the petitioner "presented no new evidence of his innocence"). Accordingly, the court should find that Mr. Faham's claim for habeas relief is procedurally defaulted under federal law and dismiss his Petition.

## Conclusion

For the reasons set forth above, I recommend that Respondent's Motion to Dismiss (Doc. 5) be GRANTED, and that Mr. Faham's Petition (Doc. 1) be DISMISSED. Because Mr. Faham's Petition should be dismissed, I further recommend that his Motion for Appointment of Counsel (Doc. 2) and Emergency Motion for Judgment on the Pleadings (Doc. 4) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 15th day of January, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).