UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 MAR 27  AM 10: 29

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| ISAAC FAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-212 |
| ) | |
| ANDREW PALLITO, Commissioner, ) | |
| Vermont Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 1, 2, 4, 5 & 12)

This matter came before the court for a review of the Magistrate Judge's January 15, 2013 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 12). Plaintiff filed an objection to the Report and Recommendation on February 27, 2013, five days after the deadline for filing such an objection. In light of Plaintiff's self-represented status, and in light of his incarceration which may have contributed to any delay in filing, and in the absence of any prejudice, the court will treat Plaintiff's objection as timely.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In this action, Plaintiff challenges his state court conviction for attempted sexual assault. He concedes that he has appealed his conviction to the Vermont Supreme Court which affirmed it. *See State v. Faham*, 2011 VT 55, 190 Vt. 524, 21 A.3d 701. In doing so, the Vermont Supreme Court concluded that Plaintiff had failed to preserve his challenge to the sufficiency of evidence.

In his twelve page R & R, the Magistrate Judge carefully reviewed the factual and procedural record and recommended that Defendant's motion to dismiss (Doc. 5) be granted, and that Mr. Faham's petition be dismissed. The Magistrate Judge observed that because Plaintiff did not argue before the Vermont Supreme Court that it must review his conviction for plain error, any such claim would be procedurally barred in Vermont state court and could not be brought in federal court. The Magistrate Judge further pointed out that Plaintiff had not alleged a violation of a federal right. Finally, the Magistrate Judge concluded that Plaintiff had not met the stringent evidentiary requirements for a claim of actual innocence. The court finds these conclusions well-reasoned.

In his objection, Plaintiff argues that he will be able to demonstrate that his federal constitutional rights were violated if he is granted leave to amend. He contends no prejudice will result if he is granted this opportunity. The court agrees.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R and GRANTS Defendant's motion to dismiss (Doc. 5) and DISMISSES Plaintiff's petition (Doc. 1), Plaintiff's Emergency Motion for Judgment on the Pleadings (Doc. 4) and Plaintiff's Motion for Appointment of Counsel (Doc. 2). With regard to the latter, the court concludes that, at this juncture, Plaintiff's Motion for Appointment of Counsel is moot. Because Plaintiff has already had ample time since the filing of his 2/20/13

objection to further research the factual and legal basis of his claims, Plaintiff is hereby GRANTED leave to file an amended petition within twenty (20) days of this Order. SO ORDERED.

Dated at Rutland, in the District of Vermont, this 27th day of March, 2013.

Christina Reiss, Chief Judge
United States District Court