UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Isaac Faham,

    Petitioner,

    v.                                                                                  Civil Action No. 5:12-CV-212

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

    Respondent.

**REPORT AND RECOMMENDATION**
(Docs. 24, 25, 27, 28)

Petitioner Isaac Faham, who represents himself, is a state prisoner seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* Docs. 1, 24, 25.[1]) In October 2008, following a jury trial in Vermont state court, Mr. Faham was convicted of attempted sexual assault under 13 V.S.A. §§ 9 and 3252(a)(1). The Vermont Supreme Court affirmed his conviction in May 2011. *See State v. Faham*, 2011 VT 55, 21 A.3d 701 (mem.). Currently pending before this Court are Respondent the Vermont Department of Corrections's Motion to Dismiss Mr. Faham's Amended Petition (Doc. 28)[2] and Mr. Faham's Motion for Appointment of Counsel (Doc. 27).

---

[1] As stated in a prior order, the Court construes Mr. Faham's response to the Court's Order to Show Cause (Doc. 24) and his "Addendum" to that response (Doc. 25) as Mr. Faham's Amended Petition for Writ of Habeas Corpus. (Doc. 26.)

[2] Although Respondent plainly intended Doc. 28 to function as a motion to dismiss the Amended Petition, the document is mistitled "Respondent's Response to Petitioner's 'Amended Petition.'" (Doc. 28.) I will treat this document as a motion to dismiss, but remind Respondent of the obligation set forth in Local Rule 7(a)(1).

For the reasons stated below, I recommend that Respondent's Motion to Dismiss (Doc. 28) be GRANTED, and thus that Mr. Faham's Amended Petition (Docs. 24, 25) be DISMISSED without prejudice.  I further recommend that Mr. Faham's Motion for Appointment of Counsel (Doc. 27) be DENIED as moot.

## Factual and Procedural Background

The following brief description of the events giving rise to the underlying criminal proceedings is sufficient for present purposes; a more complete account appears in the Vermont Supreme Court's opinion in *Faham*, 2011 VT 55.  According to the complainant in the underlying criminal case, Mr. Faham had driven her to an isolated area of Charlotte.  *Id*. at ¶ 3, 21 A.3d at 702.  He "got on top of [her]," started "choking" her, and said that "he was going to kill [her]" if she did not have sex with him.  *Id*.  The complainant pleaded with Mr. Faham, and he ultimately let her go.  *Id*.

At the conclusion of the State's case, defense counsel moved for a judgment of acquittal under Vermont Rule of Criminal Procedure 29(a) on the basis of insufficient evidence on an essential element of the charged crime: whether Mr. Faham had attempted to engage in a sexual act with the complainant.  Counsel failed, however, to renew this motion at the close of all the evidence or to bring a post-verdict motion for judgment of acquittal on this basis, thereby effectively waiving the sufficiency issue for appellate review.  *See id*. at ¶¶ 15-17, 21 A.3d at 704-05 (declining to reach the sufficiency issue because it was not raised in Mr. Faham's post-verdict motion for judgment of acquittal).

In his original Petition before this Court, Mr. Faham asserted that the Vermont Supreme Court violated his constitutional rights when, on direct appeal, it declined to

consider that forfeited claim of insufficient evidence without reviewing the claim for plain error. (Doc. 1.) In a Report and Recommendation issued in January 2013, I recommended that the Petition be dismissed both because "there is no federal right to the plain error review of claims that are procedurally forfeited under state law," and, since Mr. Faham had not fairly presented the issue to the Vermont Supreme Court, it was not exhausted as required by 28 U.S.C. § 2254(b)(1). (Doc. 12 at 6-8.) The district court adopted this recommendation, and the Petition was dismissed with leave to amend. (Doc. 18.)

   Mr. Faham has since amended his Petition, and now contends that his trial counsel was constitutionally ineffective by forfeiting his claim of insufficient evidence. (Doc. 24.) Mr. Faham has also raised the same ineffective-assistance-of-counsel argument in a state-court petition for post-conviction relief (PCR).[3] In February 2013, the Superior Court granted summary judgment in favor of the State, reasoning that Mr. Faham's counsel's failure to renew the motion for acquittal was not prejudicial because, "had such a renewed motion been made, a different result was not reasonably probable." (Doc. 28-1 at 5.) The Superior Court entered judgment for the State, (Doc. 28-2), and Mr. Faham appealed to the Vermont Supreme Court. That appeal is pending. (Doc. 28-3.)

---

[3] Mr. Faham does not discuss the facts concerning his PCR case in his Amended Petition, although in his original Petition he stated that he had brought a PCR case in Superior Court (Doc. 1 at 1), and he also mentions the PCR case in his "Addendum" to the Amended Petition (Doc. 25 at 1). I therefore conclude that I may consider the existence of the PCR proceedings without converting Respondent's Motion to Dismiss into a motion for summary judgment.

**Discussion**

In his Amended Petition, Mr. Faham contends that his trial counsel was ineffective for "fail[ing] to renew the Rule 29 motion," because, "[h]aving raised th[e insufficiency] argument" at the conclusion of the State's case, "defense counsel cannot have had a strategic reason to abandon it . . . ." (Doc. 24 at 1-2.) Mr. Faham seeks an order from this Court appointing counsel to represent him because he "is indigent and the rights affected are related to his substantial federal constitutional right[s]." (Doc. 27.) Respondent maintains that Mr. Faham's Amended Petition should be dismissed because his claim is unexhausted. (Doc. 28.)

I agree with Respondent, and conclude that Mr. Faham's ineffective-assistance claim is unexhausted. To exhaust state-court remedies as required by the habeas statute, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), including appeal "to the highest court in the pertinent state," *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation omitted). Importantly, if an applicant "has the right under the law of the State to raise, by any available procedure, the question presented," then his habeas claim is unexhausted. 28 U.S.C. § 2254(c).

Here, Mr. Faham is asserting his ineffective-assistance-of-counsel claim in his PCR case. That case is pending before the Vermont Supreme Court. Thus the Vermont state-court system has not yet had a full opportunity to resolve the alleged constitutional issue that Mr. Faham raises before this Court. Consequently, Mr. Faham has not

4

exhausted his state-court remedies, and this Court should dismiss his Amended Petition without prejudice, for failure to exhaust as required by 28 U.S.C. § 2254. *E.g.*, *Hohsfield v. Yatauro*, Civil Action No. 11-2000 (GEB), 2011 WL 2418478, at *2 (D. N.J. June 13, 2011) (dismissing habeas petition for failure to exhaust state-court remedies where petitioner's state PCR petition raising the same claims of ineffective assistance of counsel was still pending); *Richardson v. Eagleton*, Civil Action No. 4:08-3557-RBH-TER, 2009 WL 3523945, at *2 (D. S.C. Oct. 23, 2009) (same).

The remaining allegations and assertions in Mr. Faham's Amended Petition have been addressed in the Court's prior rulings in this case, and for the reasons stated therein, either do not demonstrate that the ineffective-assistance-of-counsel claim was exhausted in state court or do not constitute a basis for federal habeas relief.  Citing *State v. Everett*, No. 2010-461, 2011 WL 5996010 (Vt. Nov. 9, 2011) (unpub. mem.), Mr. Faham again argues that he has a constitutional right to have his sufficiency claim reviewed for plain error. (Doc. 25 at 1.)  It is true that the Vermont Supreme Court reviewed for plain error in *Everett*, but that fact should not alter this Court's prior conclusions because it does not prove that the Vermont Supreme Court was required to conduct such a review in Mr. Faham's direct appeal.

To the contrary, the Vermont Supreme Court has stated that it will not address an issue at all if it is not preserved and the defendant makes no plain-error argument on appeal. *State v. Grace*, 160 Vt. 623, 625, 649 A.2d 225, 227 (1993) (mem.).  In *Everett*, the defendant failed to object to a jury instruction, but argued on appeal that the instruction given was plain error. *Everett*, 2011 WL 5996010, at *1-*3.  Here, by

contrast, Mr. Faham did not preserve his sufficiency claim and, as this Court previously stated, he did not assert a constitutional right to plain-error review in his direct appeal. (Doc. 12 at 7-8.) The Vermont Supreme Court's decision not to review for plain error is solely a matter of state law, and is not contrary to, or an unreasonable application of, clearly established federal law. (*Id*. at 6-7.) Pursuant to § 2254(d), a court may only grant a writ of habeas corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also* 28 U.S.C. § 2254(d)(1). In effect, this means that federal courts "must give the state court's adjudication a high degree of deference." *Yung v. Walker*, 341 F.3d 104, 109 (2d Cir. 2002) (citing *Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir. 2002)). Faham's petition does not satisfy either of § 2254(d)'s standards. Moreover, as previously explained, Mr. Faham's plain-error claim is unexhausted and procedurally barred. (Doc. 12 at 7-9.)

Mr. Faham also asserts that he was unconstitutionally convicted in the underlying criminal case because, although he did not have sexual contact with the complainant, the jury instructions included sexual contact as an essential element of the crime charged. That argument is without merit because the relevant jury instruction made clear that Mr. Faham was being charged only with *attempted* sexual assault.[4] (Doc. 28-5 at 59.) The state court did not instruct that the "open physical act" (*id*.) necessary for attempt was the

---

[4] I conclude that the jury charge is implicitly part of Mr. Faham's petition, and thus that I may consider it without converting Respondent's motion into one for summary judgment.

6

sexual contact necessary for a *completed* sexual assault. Finally, this claim similarly fails to satisfy § 2254(d)'s rigorous standards.

## Conclusion

For these reasons, I recommend that Respondent's Motion to Dismiss (Doc. 28) be GRANTED, and thus that Mr. Faham's Amended Petition (Docs. 24, 25) be DISMISSED without prejudice. I further recommend that Mr. Faham's Motion for Appointment of Counsel (Doc. 27) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 16th day of September, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).