U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 NOV -5 PM 2:25

CLERK
BY PC
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ISAAC FAHAM,

Petitioner,

v.

ANDREW PALLITO, Commissioner,
Vermont Department of Corrections,

Respondent.

Case No. 5:12-cv-212

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
(Docs. 24, 25, 27, 28 & 29)

This matter came before the court for a review of the Magistrate Judge's September 16, 2013 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 29). Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See*

*Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In this action, Petitioner Isaac Faham seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He concedes that he has appealed his conviction to the Vermont Supreme Court which affirmed it. *See State v. Faham*, 2011 VT 55, 190 Vt. 524, 21 A.3d 701. In doing so, the Vermont Supreme Court concluded that Petitioner had failed to preserve his challenge to the sufficiency of evidence. Petitioner has since moved for post-conviction relief ("PCR") based upon ineffective assistance of counsel. Petitioner's PCR proceeding is still pending and appears to be awaiting a decision by the Vermont Supreme Court.

In his seven page R & R, the Magistrate Judge carefully reviewed the factual and procedural record and recommended that Respondent's motion to dismiss which was styled as a "Response to Petitioner's Amended Petition" (Doc. 28) be granted; Plaintiff's Amended Petition (Docs. 24, 25) be dismissed without prejudice; and Plaintiff's motion for appointment of counsel (Doc. 27) be denied as moot. The Magistrate Judge reasoned that Petitioner had failed to exhaust his remedies with regard to his ineffective assistance of counsel claim. The court further agrees that this court has either previously addressed Petitioner's remaining claims or they are procedurally barred. Because the court agrees with the Magistrate Judge's conclusions and recommendations, the court hereby ADOPTS the R & R as the Opinion and Order of the court.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (Doc. 28) is hereby GRANTED; Plaintiff's Amended Petition (Docs. 24, 25) is hereby DISMISSED WITHOUT PREJUDICE; and Plaintiff's motion for appointment of counsel (Doc. 27) is hereby DENIED AS MOOT.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of November, 2013.

Christina Reiss, Chief Judge
United States District Court